IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

Crim. No. 06-20024-001

DELMAR PHILLIPS                                                             DEFENDANT


**MAGISTRATE'S REPORT AND RECOMMENDATION**

Delmar Phillips has filed a motion to suppress evidence seized from his person and his residence. A hearing was conducted on August 28, 2006. Witnesses were Corporal Allen Marx of the Sebastian County Sheriff's Office (SCSO), 12th Judicial District and DEA drug task officer, and Deputy Jackie Davis.

DISCUSSION

On March 20, 2006, criminal investigator Kevin Nixon of the SCSO telephoned Marx to report that a confidential source had advised that Phillips was headed from Oklahoma to Fort Smith and was possibly carrying drugs. Marx was familiar with Phillips who was being investigated for possible drug activity after Phillips' business partner was arrested for trafficking in methamphetamine and told law enforcement officers that Phillips' cellphone number belonged to his supplier, identified as "D." Marx also knew that Phillips' driver license had been suspended in the past and that he drove various vehicles, including a 1999 black Dodge Durango.

Marx traveled to Roland, Oklahoma, in an unmarked car and followed Phillips, who was driving the black Durango, over the bridge to Fort Smith, Arkansas. Marx contacted Deputy Davis, who drives a marked unit, and advised him to follow Phillips after he entered Arkansas. At 8:53

a.m., Marx ran a computer check on Phillips which showed that his license was suspended. (Govt's Ex. 1). Marx was able to drive beside the Durango at one point and positively identify Phillips. He then advised Davis to stop Phillips' vehicle and arrest him for driving on a suspended license.

Davis engaged his police lights and made the stop at 10:38 a.m. Marx arrived within seconds. Davis advised Phillips he was under arrest for driving on a suspended license. Davis immediately saw a bulge in Phillips' trousers and something white sticking out of his waistband. Davis reached into Phillips' pants and pulled out a large package which turned out to be over one-half pound of methamphetamine. Davis was then handcuffed, searched, and taken to jail. The Durango was registered to Phillips' girlfriend, LaToya Perkins, with an address of 3209 Iola Street in Fort Smith. From his prior investigation, Marx knew that Phillips lived at that address.

At jail, Marx asked questions of Phillips to complete a general information questionnaire, Form 202. The information solicited included Phillips' residential addresses and the names of his girlfriend and children. Phillips was then mirandized and refused to give a statement. Marx went to the Iola residence to speak with Perkins who signed a written consent to search the residence. (Govt's Ex. 2). The form states that Perkins was advised of her "constitutional right not to have a search made of the premises" and her right to refuse to consent to a search. After signing the form, Perkins directed officers to a gun which she said belonged to Phillips. Marx noted that Phillips kept clothing and dogs at the residence. Perkins, who is 26 years old, seemed to Marx to be intelligent and not under the influence of drugs. Marx denied engaging in any coercive or threatening behavior.

Probable cause for a warrantless arrest exists if the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person's belief that the suspect has committed or is committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *U.S. v. Roberson*, 439 F.3d 934,

939 (8th Cir. 2006). *See* Ark. R. Crim. P. 4.1(a)(iii). Probable cause for an arrest requires a probability or substantial chance of criminal activity, not an actual showing of such activity. *Illinois v. Gates*, 462 U.S. 213 at n. 13 (1983).

Here, Marx had prior knowledge that Phillips did not have a valid driver's license and he verified with a computer check that Phillips' license to drive had been suspended. Before ordering Phillips arrest, Marx approached the Durango to verify that it was Phillips driving the Durango. Based on the facts and circumstances within his knowledge, Marx had the authority to direct the arrest. Further, the seizure of methamphetamine from Phillips' person after the arrest was lawful as a search incident to a lawful arrest based on probable cause, *see Chimel v. California*, 395 U.S. 752-53 (1969) and *U.S. v. Pratt*, 355 F.3d 1119 (8th Cir. 2004), or was justified because the bulge in Phillips' trouser provided independent particularized probable cause with respect to his person. *See Ybarra v. Illinois*, 444 U.S. 85, 91 (1980).

There remains the matter of the firearm seized from the residence shared by Phillips and Perkins. A warrantless search does not violate the Fourth Amendment if knowing and voluntary consent was given. *United States v. Almendares*, 397 F.3d 653, 660 (8th Cir. 2004)(citations omitted). "The government bears the burden of proving voluntary consent by a preponderance of the evidence and must show that on the totality of the circumstances the officer reasonably believed that the search was consensual." *Id.*

In determining voluntariness, the Eighth Circuit provides the following factors to consider: as to the persons giving consent, the age, general intelligence and education, whether they were intoxicated or under the influence of drugs, whether they were informed of their right to withhold consent or other *Miranda* rights, and whether they had been previously arrested and were aware of

the protections afforded by the legal system; as to the environment in which consent was given, whether the person was detained and questioned for a long or short time, threatened, physically intimidated or punished by the police, relied upon promises or misrepresentations by the police, was in custody or under arrest, was in a public or secluded place, either objected or stood by silently. *U.S. v. Hathcock*, 103 F.3d 715, 719-20 (8th Cir. 1997); *U.S. v. Chaidez*, 906 F.2d 377, 381 (8th Cir. 1990). The factors should not be applied mechanically but are "valuable as a guide to analysis." *Id.* at 381. *See U.S. v. Carrate*, 122 F.3d 666, 670 (8th Cir. 1997).

Here, the government presented sufficient evidence to show that Perkins consented to the search. She signed a form indicating she was aware she had a constitutional right not to consent and could refuse consent. She is of legal age and at least average intelligence. She was not under the influence of drugs or alcohol and there is no indication officers used any force, threats or coercion.

CONCLUSION

Based on the above, I recommend that the instant motion to suppress be denied. **The parties have until and including September 6, 2006, at 1:00 p.m., in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 29th day of August 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE